IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARCUS A. KELLEBREW                                                                    PETITIONER

v.                                        4:23-cv-01197-BSM-JJV

STATE OF ARKANSAS                                                                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

I.   **INTRODUCTION**

Petitioner Marcus A. Kellebrew brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 *pro se*. (Doc. No. 1.) He challenges his conviction for second-degree sexual assault and his sentence of six years' imprisonment, which was imposed September 6, 2011, after Mr. Kellebrew entered a negotiated plea of guilty in the Circuit Court of Drew County, Arkansas. (*Id*. at 1, 24-25.) Mr. Kellebrew claims his conviction is invalid because there was no DNA evidence, the evidence presented was tainted and fraudulent, the State's witness committed perjury, and the alleged victim had previously made sexual assault and harassment allegations against others. (*Id*. at 5-10.) For relief, he asks that his conviction be vacated. (*Id*. at 13.)

I have conducted a preliminary review of Mr. Kellebrew's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition for Writ of Habeas Corpus be dismissed.

## II.     ANALYSIS

### A.     "In Custody" Requirement

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988). Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the writ. *Id.* (citing 28 U.S.C. § 2241(c)). In short, "[a] person must be in custody under the conviction or sentence attacked at the time of filing." *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991).

Mr. Kellebrew is not in custody. According to his own account, he began serving his six-year sentence in 2011. (Doc. No. 1 at 18.) That sentence has since expired, and the address he lists as his current residence is a private address. Because Mr. Kellebrew is no longer in custody on the sentence he challenges here, and was not when the Petition was filed, this Court lacks subject-matter jurisdiction.

### B.     Time Bar

Additionally, Mr. Kellebrew's Petition is untimely based on the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for habeas corpus petitions:

>(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Mr. Kellebrew indicates he did not file a direct appeal or seek any other review after pleading guilty, and I can find no record that he did.[1] (Doc. No. 1 at 2-4.) Therefore, under § 2244(d)(1)(A), the limitation period began to run thirty days after the judgment was entered. *See* Ark. R. App. Proc.-Crim. 2(a) (notice of appeal must be filed within thirty days from date of entry of judgment). My review of state court records does not reveal any applications for post-conviction or other collateral review that would have tolled the time under § 2244(d)(2). Moreover, a careful review of the Petition fails to show any support for equitable tolling. Equitable tolling is only appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Kellebrew has not made either showing. Therefore, Mr.

---

[1] Mr. Kellebrew mentions two motions for rule on clerk filed in the Arkansas Court of Appeals, but those addressed a later conviction for failure to register as a sex offender. (Doc. No. 1 at 3-4.)

Kellebrew's Petition, filed twelve years after the commencement of the one-year limitation period, is time-barred.

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Because it plainly appears that Mr. Kellebrew is not entitled to relief, dismissal is appropriate.

## III.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

## IV.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

2.     No certificate of appealability be issued.

DATED this 22nd day of December 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE